TERRENCE M. JACKSON, ESQ.
Law Office of Terrence M. Jackson
Nevada Bar No.: 0854
624 South Ninth Street
Las Vegas, NV 89101
(702) 386-0001 / Fax: (702) 386-0085

*Counsel for Defendant, Roger Grodesky*

# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) |
| vs. | ) Case No. 2:12-CR-00084-APG-GWF-3 |
| ROGER GRODESKY(3), | ) |
| Defendant. | ) |
| _____ | ) |

## MOTION TO SUPPRESS ITEMS TAKEN FROM DEFENDANT'S PERSON AS WELL AS DEFENDANT'S STATEMENTS RESULTING FROM WARRANTLESS ARREST WITHOUT PROBABLE CAUSE

(Hearing requested)

## FACTUAL STATEMENT

On September 27, 2009, Defendant, ROGER GRODESKY, was arrested at South Point Casino because he had been seen entering the casino with Thomas Lamb, who had later been apprehended attempting to cash a voucher ticket for $1,000.00 at the South Point Casino's main cage which he had created earlier using a fraudulent credit card at a Global Cash ATM machine inside the casino.

After Lamb presented the voucher with the fraudulent credit card along with a counterfeit driver's license, he was taken into custody by casino security guards. Las Vegas Metropolitan Police were then notified and they advised security to detain Lamb's companion Grodesky. When Metro officers arrived they took Grodesky into

custody, allegedly because in-house surveillance video showed ..." Lamb and Grodesky entering the casino together."

A subsequent search incident to arrest revealed that Grodesky was in possession of a counterfeit Nevada driver's license in the name of Paul Brown and a counterfeit AT&T service group card in the name of Roger Brown and a counterfeit *Visa 1* Debit card, account ending in xxxx-4974, in the name of Roger Brown, a counterfeit *Only 1* Visa Debit card, account ending in xxxx-8147, in the name of Roger Brown, and a *Green Dot* Visa card, account ending in xxxx-5930, in the name of Roger Brown. After the arrest and search of his person, Grodesky was interviewed and made incriminating admissions. Such further facts as necessary will be developed at an evidentiary hearing on this motion.

**I.    THE SEARCH OF DEFENDANT'S PERSON ON SEPTEMBER 27, 2009, CANNOT BE JUSTIFIED AS A SEARCH INCIDENT TO A LAWFUL ARREST.**

The police reports released to counsel indicated that Grodesky's arrest was based not upon what Grodesky did, but what Thomas Lamb had done. The law is clear that a person's mere propinquity to others independently suspected of criminal activity does not, without more, give rise to probable cause to arrest. *United States v. Reyes,* 225 F.3d 71 (9th Cir. 2000); *Ybarra v. Illinois,* 444 U.S. 85, 91, 100 S.Ct. 338, 62 L.Ed. 238 (1979). Nor is nearness to the place of arrest of a co-conspirator or the place of illegal activity sufficient to establish probable cause. *See, United States v. Di Re,* 332 U.S. 581, 593, 68 S.Ct. 622, 92 L.Ed. 210 (1948); *United States v. Springfield,* 196 F.3d 1180, 1183 (10th Cir. 1999). Mere presence at the scene of a crime, without more, does not support a finding of probable cause to arrest. *Wilson v. Attaway,* 757 F.2d 1227, 1238 (11th Cir. 1985). *See also, United States v. Soto,* 375 F.3d 1219 (10th Cir. 2004); *United States v. Collins,* 472 F.3d 1067 (9th Cir. 2007).

Probable cause did not arise here because there are too many innocent

-2-

explanations that can account for Grodesky's entry into a large casino with someone else who then apparently chose to commit an illegal act. Unless the government could also show some actions of aiding and abetting or furthering the illegal acts of a conspiracy, merely being with another criminal is not enough. Probable cause <u>cannot</u> be inferred from innocent acts. The mere entry by two individuals together into a casino is not any evidence of a crime. As the court stated in *United States v. Hillison,* 733 F.2d 692, 697 (9th Cir. 1984), ... "In order to find probable cause based on association with persons engaging in criminal activity, <u>some additional circumstance from which it is reasonable to infer criminal enterprise</u> **must** <u>be shown</u>." *See also, United States v. Ramirez,* 963 F2d 693, 698-99 (5th Cir. 1992). (Emphasis added)

    It is respectfully submitted no additional circumstance or circumstances existed in this case from which probable cause could be inferred. It was only <u>after</u> Grodesky had been illegally detained, arrested and unlawfully searched and questioned that probable cause was unconstitutionally generated.

    The contents of the search of Grodesky's person <u>and everything resulting therefrom</u> must therefore be suppressed as a clear violation of the Defendant's Fourth Amendment rights.

**II.**     THE STATEMENT(S) WHICH RESULTED FROM THE ILLEGAL ARREST OF THE DEFENDANT MUST BE SUPPRESSED AS FRUITS OF THE POISONOUS TREE.

    But for the Defendant's illegal arrest and detention, the government would not have obtained inculpatory statements from the Defendant. Defendant respectfully submits that as his arrest on September 27, 2009, was without probable cause or justification and violated his Fourth Amendment rights, the statements he made that night to police must be suppressed as fruit of the poisonous tree. *Wong Sun v. United States,* 371 U.S. 471, 83 S.Ct. 407, 9 L.Ed.2d 441 (1963). As the court observed in

*Moya-Matute*:

> The exclusionary remedy extends not only to the primary evidence obtained from the illegal seizure, but also to the indirect product of the seizure, the secondary evidence, or the "fruit of the poisonous tree." *Nardone v. United States,* 308 U.S. 338, 341, 60 S.Ct. 266, 84 L.Ed. 307 (1939). <u>Once the defendant has shown a casual connection between the illegal seizure and the specific evidence alleged to be the fruit of the seizure, the government has the burden of persuasion</u> of showing that the evidence is admissible because it was obtained by means sufficiently distinguishable to be purged of the primary taint. *See Brown v. Illinois,* 422 U.S. 590, 602-04, 95 S.Ct. 2254, 45 L.Ed.2d 416 (1975); *Wong Sun v. United States,* 371 U.S. 471, 488, 83 S.Ct. 407, 9 L.Ed.2d 441 (1963). Even <u>"the indirect fruits of an illegal search or arrest should be suppressed when they bear a sufficiently close relationship to the underlying illegality."</u> *New York v. Harris,* 495 U.S. 14, 19, 110 S.Ct. 1640, 109 L.Ed.2d 13 (1990).
> *United States v. Moya-Matute*, 735 F.Supp.2d 1306 (D.N.M. 2008) (Emphasis added)

The statements in this case resulted directly from Grodesky's improper arrest and therefore must be suppressed.

## CONCLUSION

Defendant was detained and arrested without probable cause. Everything resulting from that improper arrest must be suppressed. Defendant respectfully requests an evidentiary hearing to establish the government has not met its burden to justify the arrest in this case.

Respectfully submitted this 5th day of July.

*/s/ Terrence M. Jackson*
TERRENCE M. JACKSON, ESQ.
*Counsel for Defendant, Roger Grodesky*

...

-4-

# CERTIFICATE OF SERVICE
## UNITED STATES DISTRICT COURT
## DISTRICT OF NEVADA

Case No.: 2:12-CR-00084-MMD-GWF-3

I hereby certify that I am an employee of the Law Office of Terrence M. Jackson**,** and that on the 5th day of July, 2013, I served a true and correct copy of the foregoing:  Defendant, ROGER GRODESKY'S,  Motion to Suppress Items Taken From Defendant's Person as Well as Defendant's Statements Resulting From Warrantless Arrest Without Probable Cause (Hearing requested) as follows:

[ **x** ]     Via CM/ ECF, the electronic filing system for the U.S. District Court of Nevada **as indicated below:**

DANIEL G. BOGDEN
United States Attorney
KIMBERLY M. FRAYN
ANDREW W. DUNCAN
Assistant United States Attorneys
333 Las Vegas Blvd. So., Ste. 5000
Las Vegas, Nevada 89101
T: (702) 388-6336
*Attorneys for Plaintiff*


By:        /s/     *Ila C. Wills*
            Assistant to Terrence M. Jackson, Esquire

-5-