# UNITED STATES DISTRICT COURT
### District of Nevada

| UNITED STATES OF AMERICA | AMENDED JUDGMENT IN A CRIMINAL CASE |
|---|---|
| v. | |
| ROGER GRODESKY | Case Number: 2:12-CR-00084-APG-GWF-3 |
| | USM Number: 57858-060 |
| **Date of Original Judgment:** 10/21/2014 | TERRANCE JACKSON |
| *(Or Date of Last Amended Judgment)* | Defendant's Attorney |

**Reason for Amendment:**

☐ Correction of Sentence on Remand (18 U.S.C. 3742(f)(1) and (2))
☐ Reduction of Sentence for Changed Circumstances (Fed. R. Crim. P. 35(b))
☐ Correction of Sentence by Sentencing Court (Fed. R. Crim. P. 35(a))
☒ Correction of Sentence for Clerical Mistake (Fed. R. Crim. P. 36)

☐ Modification of Supervision Conditions (18 U.S.C. §§ 3563(c) or 3583(e))
☐ Modification of Imposed Term of Imprisonment for Extraordinary and Compelling Reasons (18 U.S.C. § 3582(c)(1))
☐ Modification of Imposed Term of Imprisonment for Retroactive Amendment(s) to the Sentencing Guidelines (18 U.S.C. § 3582(c)(2))
☐ Direct Motion to District Court Pursuant ☐ 28 U.S.C. § 2255 or ☐ 18 U.S.C. § 3559(c)(7)
☒ Modification of Restitution Order (18 U.S.C. § 3664)

**THE DEFENDANT:**
☒ pleaded guilty to count(s) Two of the Superseding Information.
☐ pleaded nolo contendere to count(s) _____ which was accepted by the court.
☐ was found guilty on count(s) _____ after a plea of not guilty.

The defendant is adjudicated guilty of these offenses:

| Title & Section | Nature of Offense | Offense Ended | Count |
|---|---|---|---|
| 18 USC §§ 1028A(a)(1) & (c)(4); 2 | Aggravated Identity Theft; Aiding and Abetting | 9/27/2009 | Two |

The defendant is sentenced as provided in pages 2 through  7  of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐ The defendant has been found not guilty on count(s) _____
☒ Count(s) All Remaining Counts ☐ is ☒ are dismissed on the motion of the United States.

It is ordered that the defendant must notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States attorney of material changes in economic circumstances.

June 7, 2019
Date of Imposition of Judgment

*/s/*
Signature of Judge

ANDREW P. GORDON, UNITED STATES DISTRICT JUDGE
Name and Title of Judge

June 7, 2019
Date

DEFENDANT: ROGER GRODESKY
CASE NUMBER: 2:12-CR-00084-APG-GWF-3

## IMPRISONMENT

The defendant is hereby committed to the custody of the Federal Bureau of Prisons to be imprisoned for a total term of:

24 MONTHS (consecutive to any other prison sentence, if any)

☑ The court makes the following recommendations to the Bureau of Prisons:

Due to proximity of family, the Court recommends the Defendant be permitted to serve his term of incarceration in a facility located as close as possible to Morgantown, West Virginia.

☑ The defendant is remanded to the custody of the United States Marshal.

☐ The defendant shall surrender to the United States Marshal for this district:

    ☐ at _____ ☐ a.m. ☐ p.m. on _____ .

    ☐ as notified by the United States Marshal.

☐ The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:

    ☐ before 2 p.m. on _____ .

    ☐ as notified by the United States Marshal.

    ☐ as notified by the Probation or Pretrial Services Office.

## RETURN

I have executed this judgment as follows:

Defendant delivered on _____ to _____

at _____ with a certified copy of this judgment.

_____
UNITED STATES MARSHAL

By _____
DEPUTY UNITED STATES MARSHAL

AO 245C (Rev. 02/18)  Amended Judgment in a Criminal Case
            Sheet 3 — Supervised Release
(NOTE: Identify Changes with Asterisks (*))

Judgment—Page    3    of    7

DEFENDANT:   ROGER GRODESKY
CASE NUMBER:   2:12-CR-00084-APG-GWF-3

# SUPERVISED RELEASE

Upon release from imprisonment, you will be on supervised release for a term of :

1 YEAR

# MANDATORY CONDITIONS

1. You must not commit another federal, state or local crime.
2. You must not unlawfully possess a controlled substance.
3. You must refrain from any unlawful use of a controlled substance. You must submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.
    - ☐ The above drug testing condition is suspended, based on the court's determination that you pose a low risk of future substance abuse. *(check if applicable)*
4. ☐ You must make restitution in accordance with 18 U.S.C. §§ 3663 and 3663A or any other statute authorizing a sentence of restitution. *(check if applicable)*
5. ☑ You must cooperate in the collection of DNA as directed by the probation officer. *(check if applicable)*
6. ☐ You must comply with the requirements of the Sex Offender Registration and Notification Act (34 U.S.C. § 20901, *et seq*.) as directed by the probation officer, the Bureau of Prisons, or any state sex offender registration agency in the location where you reside, work, are a student, or were convicted of a qualifying offense. *(check if applicable)*
7. ☐ You must participate in an approved program for domestic violence. *(check if applicable)*

You must comply with the standard conditions that have been adopted by this court as well as with any other conditions on the attached page.

DEFENDANT:   ROGER GRODESKY
CASE NUMBER:   2:12-CR-00084-APG-GWF-3

# STANDARD CONDITIONS OF SUPERVISION

As part of your supervised release, you must comply with the following standard conditions of supervision. These conditions are imposed because they establish the basic expectations for your behavior while on supervision and identify the minimum tools needed by probation officers to keep informed, report to the court about, and bring about improvements in your conduct and condition.

1) the defendant shall not leave the judicial district without the permission of the court or probation officer;

2) the defendant shall report to the probation officer in a manner and frequency directed by the court or probation officer;

3) the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;

4) the defendant shall support his or her dependents and meet other family responsibilities;

5) the defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons;

6) the defendant shall notify the probation officer at least ten days prior to any change in residence or employment;

7) the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;

8) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;

9) the defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer;

10) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;

11) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;

12) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court; and

13) as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

## U.S. Probation Office Use Only

A U.S. probation officer has instructed me on the conditions specified by the court and has provided me with a written copy of this judgment containing these conditions. For further information regarding these conditions, see *Overview of Probation and Supervised Release Conditions*, available at: www.uscourts.gov.

Defendant's Signature _____   Date _____

DEFENDANT: ROGER GRODESKY
CASE NUMBER: 2:12-CR-00084-APG-GWF-3

# SPECIAL CONDITIONS OF SUPERVISION

1) You shall not possess, have under your control, or have access to any firearm, explosive device, or other dangerous weapons, as defined by federal, state, or local law.

2) To ensure compliance with all conditions of release, you shall submit to the search of your person, and any property, residence, business or automobile under your control by the probation officer, or any other authorized person under the immediate and personal supervision of the probation officer without a search warrant at a reasonable time and in a reasonable manner. Provided, however, you shall be required to submit to any search only if the probation officer has reasonable suspicion to believe you have violated a condition or conditions of release. You shall also inform any other residents that the premises may be subject to a search pursuant to this condition.

3) You shall be prohibited from incurring new credit charges, opening additional lines of credit, or negotiating or consummating any financial contracts without the approval of the probation officer.

4) You shall provide the probation officer access to any requested financial information, including personal income tax returns, authorization for release of credit information, and any other business financial information in which you have a control or interest.

5) You shall participate in and successfully complete a substance abuse treatment and/or cognitive based life skills program, which will include drug/alcohol testing and/or outpatient counseling, as approved and directed by the probation office. You shall refrain from the use and possession of beer, wine, liquor, and other forms of intoxicants while participating in substance abuse treatment. Further, you shall be required to contribute to the costs of services for such treatment, as approved and directed by the probation office based upon your ability to pay.

6) You shall use your true name at all times and will be prohibited from the use of any aliases, false dates of birth, social security numbers, places of birth, and any other pertinent demographic information.

7) You shall not possess or use a computer with access to any online computer service at any location, including employment, without the prior written approval of the probation officer. This includes any internet service provider, bulletin board, or any public or private computer network.

8) You shall provide the probation officer with accurate information regarding your entire computer system, including all related digital devices with memory and all passwords and internet service providers; you shall allow the installation of any software/hardware on your computer by the probation officer, and you shall abide by all rules of the Computer Restriction and Monitoring Programs Agreement.

9) You shall not have contact, directly or indirectly, associate with, nor be within 500 feet of any co-defendant in this case or any defendant in related cases 2:12-cr-04-APG-GWF, 2:12-cr-83-APG-GWF and 2:13-cr-120-APG-GWF, their residence or business, and if confronted by any co-defendant or any defendant in the related cases in a public place, you shall immediately remove yourself from the area.

Note: A written copy of the conditions of release was provided to the Defendant by the Probation Officer in open Court at the time of sentencing.

DEFENDANT: ROGER GRODESKY
CASE NUMBER: 2:12-CR-00084-APG-GWF-3

# CRIMINAL MONETARY PENALTIES

The defendant must pay the following total criminal monetary penalties under the schedule of payments on Sheet 6.

| | Assessment | JVTA Assessment* | Fine | Restitution |
|---|---|---|---|---|
| TOTALS | $ 100.00 | $ | $ WAIVED | $ 697,020.00 * |

*due jointly and severally with co-defendants--see page 6

☐ The determination of restitution is deferred until _____. An *Amended Judgment in a Criminal Case* (AO 245C) will be entered after such determination.

☐ The defendant shall make restitution (including community restitution) to the following payees in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid before the United States is paid.

| Name of Payee | Total Loss** | Restitution Ordered | Priority or Percentage |
|---|---|---|---|
| See attached payee list | | $697,020.00 | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |

| TOTALS | $ 0.00 | $ 697,020.00 |
|---|---|---|

☐ Restitution amount ordered pursuant to plea agreement  $ _____

☑ The defendant must pay interest on restitution and a fine of more than $2,500, unless the restitution or fine is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Sheet 6 may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

☐ The court determined that the defendant does not have the ability to pay interest, and it is ordered that:

☐ the interest requirement is waived for  ☐ fine  ☐ restitution.

☐ the interest requirement for the  ☐ fine  ☐ restitution is modified as follows:

---

* Justice for Victims of Trafficking Act of 2015, Pub. L. No. 114-22.
** Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

AO 245C (Rev. 02/18) Amended Judgment in a Criminal Case
Sheet 6 — Schedule of Payments
(NOTE: Identify Changes with Asterisks (*))

Judgment — Page 7 of 7

DEFENDANT: ROGER GRODESKY
CASE NUMBER: 2:12-CR-00084-APG-GWF-3

# SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties shall be due as follows:

A ☑ Lump sum payment of $ 697,120.00 due immediately, balance due

    ☐ not later than _____ , or
    ☑ in accordance with ☐ C, ☐ D, ☐ E, or ☑ F below; or

B ☐ Payment to begin immediately (may be combined with ☐ C, ☐ D, or ☐ F below); or

C ☐ Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $ _____ over a period of _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after the date of this judgment; or

D ☐ Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $ _____ over a period of _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after release from imprisonment to a term of supervision; or

E ☐ Payment during the term of supervised release will commence within _____ (e.g., 30 or 60 days) after release from imprisonment. The court will set the payment plan based on an assessment of the defendant's ability to pay at that time; or

F ☑ Special instructions regarding the payment of criminal monetary penalties:

    Defendant shall pay restitution in the amount of $697,020.00 jointly and severally with all co-defendants in this case with interest to begin accruing after the 15th day from entry of judgment. It is recommended that any unpaid balance shall be paid at a rate of not less than $25.00 per quarter during incarceration, and then 10% of any gross income earned, subject to adjustment by the Court based upon ability to pay.

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during the period of imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

☑ Joint and Several

    Defendant and Co-Defendant Names and Case Numbers *(including defendant number)*, Total Amount, Joint and Several Amount, and corresponding payee, if appropriate.

    Defendant shall pay restitution in the total amount of $697,020.00, due jointly and severally with all co-defendants in this case (2:12-cr-84-APG-GWF).

☐ The defendant shall pay the cost of prosecution.

☐ The defendant shall pay the following court cost(s):

☐ The defendant shall forfeit the defendant's interest in the following property to the United States:

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) fine interest, (6) community restitution, (7) JVTA assessment, (8) penalties, and (9) costs, including cost of prosecution and court costs.

# U.S. v. ROGER GRODESKY

## 2:12-cr-00084-APG-GWF

### Restitution List

| | |
|---|---|
| American Express<br>World Financial Center<br>200 Vesey Street<br>New York, NY 10285 | $174,255.00 |
| Discover Financial Service<br>c/o Mr. Michael Cassell<br>P.O. Box 370685<br>Las Vegas, NV 89137 | $174,255.00 |
| Crime Victims Fund | <u>$348,510.00</u> |
| Total: | $697,020.00 |

**Joint & Several** with defendants in case no. 2:12-cr-00084-APG-GWF only (Thomas Lamb, Jonathan Vergnetti, and John Holsheimer).